### In re AULETTA.

(Supreme Court, Appellate Division, Second Department.   October 6, 1911.)

INTOXICATING LIQUORS (§ 106*)—LICENSES—REVOCATION—GROUNDS.

    A liquor tax certificate is properly revoked, where the application stated that there were no buildings occupied exclusively as dwellings within the limited area, whereas there was a tenement house.

    [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 113, 115; Dec. Dig. § 106.*]

    Hirschberg, J., dissenting.

Appeal from Special Term, Westchester County.

Petition by Pasquale Auletta to revoke a liquor tax certificate issued to Otto Leibholz. From an order denying the petition, petitioner appeals. Reversed, and license revoked.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, BURR, and RICH, JJ.

F. X. Donoghue, for appellant.
Milton M. Goldsmith, for respondent.

THOMAS, J. On September 30, 1910, Leibholz, respondent, succeeding to the saloon of one Freygang, applied for a liquor license for the year beginning October 1, 1910, and secured it. He did not obtain original consents from persons within the limits required, but refer-

red to and relied upon the consents given for the business to Frey-gang, whereby the latter obtained a license upon his application, in March, 1910, expiring October 1, 1910. In his application Freygang stated that there were no buildings occupied exclusively for dwellings within the limited area. The petitioner seeks to revoke the license upon the ground that his house was such a dwelling and that the an-swer was false.

The petitioner's house is a tenement house, and was used exclusively for a dwelling house, although petitioner, in his contract for a tele-phone, requests the company "to establish at his Bus. * * * a telephone station," and on the contract appears: "Matter for Tele-phone Directory. Auletta P. Contr., 8 Sterll'g Av. Yonkers." The petitioner states that there had not been for several years a business sign on his house, and at first he said that he never had one there. Several witnesses testified that there was no sign there indicating a business at the time of the application, and several that there was such sign. It is quite clear that it was used exclusively for dwelling pur-poses within the reasonable use of such expression.

The order should be reversed, with $10 costs and disbursements, and the license revoked, with $10 costs.

JENKS, P. J., and BURR and RICH, JJ., concur. HIRSCH-BERG, J., dissents.